**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10693

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARKELL ANTHONY COLEMAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cr-80108-AMC-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Markell Coleman appeals his sentence of 92 months' imprisonment for possession of an unregistered machinegun conversion device. First, he argues that the district court erred in determining

that his 2016 Florida conviction for sale of cocaine was a "controlled substance offense" and thus qualified him as a career offender because, at the time of his conviction, Florida's definition of cocaine was categorically broader than the comparable federal definition. Second, he argues that the district court abused its discretion in declining to grant him a downward variance because the court overstated his prior criminal history and failed to account for the fact that he committed the least serious offense for which a person could be punished under 26 U.S.C. § 5861(d). Neither argument is availing, and, accordingly, we affirm his sentence.

## I

First, we consider whether the district court erred in interpreting the Sentencing Guidelines and applying a career-offender enhancement to Coleman's sentence. We review interpretations of the Sentencing Guidelines de novo. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023).

The Sentencing Guidelines apply a base offense level of 26 if the offense "involved a . . . firearm that is described in 28 U.S.C. § 5845(a)" and the defendant "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(1). A defendant qualifies as a career offender under the Guidelines if: (1) he was at least 18 years old when he committed the instant offense; (2) the instant felony offense is either a "crime of violence" or a "controlled substance offense"; and

(3) he has at least two prior felony convictions for a crime of violence or controlled substance offense. *Id.* § 4B1.1(a). A "controlled substance offense" is, in turn, defined, in relevant part, as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). If a defendant qualifies as a career offender, his criminal history category is adjusted to level VI. *Id.* § 4B1.1(b). No one disputes that Coleman's prior Florida conviction for sale of marijuana qualifies as a controlled substance offense. The only remaining question, then, is whether his prior conviction for sale of cocaine qualifies as a controlled substance offense.

In *Dubois I*, we held that a drug regulated by state law is a "controlled substance" for purposes of the Sentencing Guidelines, even if federal law does not regulate the substance, and that the definition of "controlled substance offense" incorporates the state drug schedules in effect at the time of the defendant's conviction. *United States v. Dubois* (*Dubois I*), 94 F.4th 1284, 1296–98 (11th Cir. 2024). The Supreme Court vacated and remanded *Dubois I* for reconsideration in light of its ruling in *United States v. Rahimi*, 602 U.S. 680 (2024). *Dubois v. United States*, 145 S. Ct. 1041, 1041–42 (2025). On remand, we reinstated our previous opinion with respect to controlled substance offenses. *See United States v. Dubois* (*Dubois II*), 139 F.4th 887, 894 (11th Cir. 2025).

At the time that Coleman committed his offense, Florida law prohibited the sale of a "controlled substance," Fla. Stat. §§ 893.13(1) (2016), which was defined as "any substance named or described in Schedules I-V of § 893.03," *id.* § 893.02(4) (2016). Florida's list of controlled substances included "[c]ocaine or ecgonine, including any of their stereoisomers, and any salt, compound, derivative, or preparation of cocaine or ecgonine." *Id.* § 893.03(2)(a)(4) (2016). It is of no moment, therefore, that the federal government removed ioflupane—a stereoisomer of cocaine—from its drug schedules in September 2015. *See* Removal of [$^{123}$I]Ioflupane From Schedule II of the Controlled Substances Act, 80 Fed. Reg. 54715 (Sep. 11, 2015) (codified at 21 C.F.R. § 1308.12(b)(4)(ii)). All that matters is that Florida prohibited the sale of cocaine and *any* of its stereoisomers at the time that Coleman committed his offense. *See Dubois I*, 94 F.4th at 1296–98.

Here, the district court did not err in determining that Coleman's 2016 Florida conviction for sale of cocaine qualified as a controlled substance offense because Florida law defined cocaine as a controlled substance at the time of his conviction. That was sufficient to sustain his career-offender enhancement. Because the district court did not err, we need not address the government's alternative argument that any error was harmless under *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006).

## II

Next, we consider whether Coleman's sentence was substantively reasonable. When reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We expect a sentence within the guideline range to be reasonable. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The district court also has wide discretion to decide whether the § 3553(a) factors justify a variance. *See Gall*, 552 U.S. at 50.

The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We will not disturb a sentence unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id*. at 1190. The district court need not give each § 3553(a) factor equal weight; rather, the court has discretion to "attach great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (citation modified).

Here, Coleman has not shown that the district court abused its discretion by declining his motion for a downward variance and imposing a 92-month imprisonment sentence. The district court permissibly based Coleman's sentence on the dangerousness of his offense, his criminal history, and the need to protect the public from further criminality and promote respect for the law. Further, his sentence was on the low end of the range prescribed by the guidelines. The district court, therefore, did not abuse its discretion in imposing a 92-month term of imprisonment.

### III

Because Coleman's arguments on appeal do not warrant vacatur of his sentence, we **AFFIRM**.